IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                          No. 10-CR-0338 MCA

FERNANDO MELERO-ROCHA,

        Defendant.


## ORDER

This matter is before the Court upon the United States' *Notice to Offer Evidence Pursuant to Rule 404(b)*. [Doc. 29] The United States seeks a pretrial ruling on the admissibility of evidence that Defendant committed two uncharged incidents of drug distribution. The Court has considered the United States' Notice, the representations and arguments of counsel made during the August 5, 2010 Call of the Calendar, the relevant law, and is otherwise fully informed, and for the following reasons and for the reasons stated on the record at hearing on August 5, 2010, the following Order is entered.

Defendant is charged with two counts of intentionally distributing cocaine. The charged incidents are alleged to have occurred on January 4 and January 17, 2008, involving face-to-face sales to undercover agent Damyan Brown of the New Mexico State Police. The United States apparently intends to prove that on both occasions Defendant was driving a gray Jeep Cherokee,

license plate number JPZ118, and that Defendant identified himself by the nickname "Primo."

The United States seeks to admit evidence of two uncharged incidents involving sales of cocaine by Defendant. According to the United States' Notice, these uncharged incidents occurred on December 12 and December 21, 2007, involving face-to-face sales to agent Joe Terrazas of the New Mexico State Police. Agent Terrazas apparently is prepared to testify that on both occasions Defendant sold cocaine to him, used the nickname "Primo" and was driving a gray Jeep Cherokee, license plate number JPZ118.

Defendant did not file a response to the United States' Notice, and, at the Call of the Calendar in response to questioning by the Court, did not oppose the admission of Agent Terrazas' testimony. Defendant's position is that Agent Terrazas misidentified Defendant as the person who sold the cocaine to him.

Fed. Evid. Rule 404(a) states the following general rule: "[e]vidence[1] of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. . . ."  This general rule is reinforced by the first sentence of Rule 404(b): "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The second sentence of Rule 404(b) provides that "[evidence of other crimes, wrongs, or acts] may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." The Court of Appeals' decision in *United States v. Commanche*, 577 F.3d 1261 (2009) makes it clear that the prohibition against propensity evidence set out in the first sentences of Rules 404(a) and 404(b) remains operative

---

[1]Character can be proved by opinion and reputation evidence as well as by evidence of specific instances of conduct.  *See* Fed. Evid. Rule 609.

even where evidence of other acts is being admitted to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See id.* at 1267. "Evidence is admissible under Rule 404(b) only if [1] it is relevant for a permissible purpose *and* [2] that relevance does not depend on a defendant likely acting in conformity with an alleged character trait." *Id.* (emphasis added).

In the Tenth Circuit, a reviewing court employs a four part test to determine whether evidence of other acts was properly admitted: "whether (1) the evidence of similar acts was offered for a proper purpose under Rule 404(b), (2) the evidence was relevant under Rule 402, (3) the probative value of the evidence was not substantially outweighed by any unfairly prejudicial impact under Rule 403, and (4) the district court, upon request, properly instructed the jury to consider the evidence only for the purpose for which it was admitted." *United States v. Conway*, 73 F.3d 975, 981 (10th Cir. 1995).

"The government must precisely articulate the purpose of the proffered evidence." *Commanche*, 577 F.3d at 1266. In response to the Court's questioning at the Call of the Calendar, the United States identified four uses of Agent Terrazas' testimony that the United States maintains are proper uses under Rule 404(b): (1) to establish Defendant's identity as the person who sold cocaine to Agent Brown, (2) to establish a common plan, (3) to establish that Agent Brown's identification of Defendant as the person who sold him cocaine was not mistaken, and (4) to establish opportunity. Of these four uses, the United States emphasized the first: to establish Defendant's identity as the person who sold cocaine to Agent Brown.

The Court agrees with the United States that establishing that Defendant's identity as the person who sold the drugs to Agent Brown is a proper use of Agent Terrazas' testimony. As the Court understands Defendant's theory of the case, Defendant will argue to the jury that

3

Defendant is not the person answering to the nickname "Primo" who sold the drugs to Agents Brown and Terrazas.  Identity, therefore, will be a disputed issue at trial.  Agent Terrazas' testimony will link Defendant to the same gray Jeep Cherokee, license plate number JPZ118, in which Agent Brown claims to have purchased cocaine from Defendant. Agent Terrazas' testimony also will link Defendant to the nickname "Primo," the same nickname Agent Brown claims was used by Defendant.  These are highly corroborative details, requiring the jury to believe that two officers are mistaken in their independent identification of Defendant as the person who drives a gray Jeep Cherokee with a specific license plate number and who answers to the nickname "Primo." These identifying characteristics, observed by Agent Terrazas on two different occasions,  have "real probative value," *United States v. Harrison*, 942 F.2d 751, 759 (10th Cir. 1991) (stating requirement that 404(b) evidence have "real probative value"), in corroborating Agent Brown's identical observations. The charged and uncharged incidents occurred within a narrow time frame--approximately four weeks, a circumstance that weighs in favor of admission. *Id.* (stating requirement that 404(b) evidence "must be close in time to the crime charged").  Furthermore, the chain of inferences that makes Agent Terrazas' identification testimony relevant and probative does not require a jury to rely on an inference of propensity.

      The core of Agent Terrazas' testimony with respect to the issue of identity is his testimony that Defendant drives a gray Jeep Cherokee, license number JPZ118, and answers to the nickname "Primo."  Evidence that Defendant sold cocaine to Agent Terrazas clearly has some additional probative value on the issue of identity;  however, it also would suggest to the jury that Defendant is a drug dealer and might lead the jury to the impermissible inference that as a drug dealer Defendant has a propensity to disregard laws regulating the distribution of controlled substances.  The Court is concerned that under Rule 403, and with respect to the issue

4

of identity, the probative value of the fact that Agent Terrazas purchased cocaine from Defendant is outweighed by the danger of unfair prejudice to Defendant.  To insure that the probative value of Agent Terrazas' testimony outweighs any unfairly prejudicial impact to Defendant, Agent Terrazas will *not* be permitted to testify directly or indirectly that he met with Defendant for the purpose of purchasing drugs. The United States must instruct Agent Terrazas of this limitation and must carefully structure its examination of Agent Terrazas to insure that the jury does not hear testimony that Agent Terrazas met with Defendant on December 12 and December 21, 2007 for the purpose of purchasing cocaine.  Agent Terrazas also may testify as to how he and Agent Brown became aware that the "Primo" that Agent Terrazas encountered and the "Primo" who sold cocaine to Agent Brown are the same person--*i.e.*, Defendant.  Again, the United States must instruct Agent Terrazas of the limitations imposed by the Court and must carefully structure its examination of Agent Terrazas to insure that the jury does not hear testimony that Agent Terrazas met with Defendant on December 12 and December 21, 2007 for the purpose of purchasing cocaine.

At the Call of the Calendar, the Court inquired of the parties as to whether they opposed the Court's giving of a limiting instruction informing the jury that Agent Terrazas' testimony iss to be considered for the purpose of establishing Defendant's identity as the person who sold cocaine to Agent Brown, and for no other purpose.  The parties indicated to the Court that they do not oppose a limiting instruction.  Accordingly, the Court will instruct the jury that evidence of Agent Terrazas' December 12 and December 21, 2007 encounters with Defendant may be considered only to establish Defendant's identity as the person who sold cocaine to Agent Brown, and for no other purpose.

WHEREFORE,

IT IS HEREBY ORDERED that the United States may offer the testimony of Agent Terrazas subject to the restrictions set forth in this Order.

**SO ORDERED this 6th day of August, 2010.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE